IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IMAN ZABETT,<br><br>                   Plaintiff,<br><br>    v.<br><br>ACCENTURE LLP,<br><br>                   Defendants. | Case No. 1:21-cv-716 (RDA/MSN) |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

The parties request the Court's indulgence for their belated submission. Plaintiff retained counsel on October 6, 2021 and counsel then conferred on October 7, 2021.

**I.**     **Nature of the Case**

    A.    Identify the attorneys of record for each party.

        Plaintiff:    Jeremy Greenberg
                           Clark Law Group, PLLC
                           1100 Connecticut Ave., N.W.
                           Suite 920
                           Washington, D.C. 20036
                           (202) 293-0015
                           jgreenberg@benefitcounsel.com

        Defendant:    Thomas M. Buchanan
                           Winston & Strawn LLP
                           1700 K Street NW

>Washington, DC 20006
>
>Michael P. Roche (admitted *pro hac vice*)
>Tiana Evans Pequette (admitted *pro hac vice*)
>Winston & Strawn LLP
>35 W. Wacker Drive
>Chicago, IL 60601

B.    State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 42 U.S.C. §§ 2000e, *et seq* (Title VII); 42 U.S.C. §§ 12112, *et seq* (Americans with Disabilities Act); 29 U.S.C. §§ 2601 *et seq* (Family and Medical Leave Act); and 29 U.S.C. § 1451 (Employee Retirement Income Security Act).

C.    Describe the nature of the claims asserted in the complaint and any counterclaims.

Plaintiff alleges that he was discriminated against by the Defendant due to his race, color, gender, religion, national origin, and disability and in retaliation for his complaints to management. He further claims a denial of FMLA benefits a failure to accommodate his disability, and failure to remit promised 401(k) benefits in violation of ERISA or as a breach of contract. There are no counterclaims. Accenture denies plaintiff's allegations and denies that he's entitled to any relief whatsoever.

D.    State the major legal and factual issues anticipated in this case?

The major legal and factual issues in this case are:
    (1)  whether Plaintiff was denied a promotion because of his race, color, gender, religion, and national origin;
    (2) whether Plaintiff was retaliated against and given poor performance feedback because he allegedly reported unfair treatment to Accenture; whether such alleged reports were made, and whether, if made, there was any alleged hostile environment and whether any alleged reports had any good faith basis;
    (3) whether Plaintiff was denied FMLA benefits he was entitled to;
    (4) whether Plaintiff was disabled under the ADA, and if so, whether he requested and was denied a reasonable accommodation for his disability;
    (5) whether Plaintiff was terminated from his employment at Accenture because of his race, color, gender, religion, and national origin, or in retaliation for his opposition to and complaints about an unfair environment; and

      (6) whether Accenture's stated reasons for the failure to promote Plaintiff or to terminate his employment are non-pretextual, legitimate, and non-discriminatory.

E.      Describe the relief sought in this case.

Plaintiff seeks:
(1)      Back pay, benefits and other emoluments of employment plus interest;
(2)      Compensatory damages caused by the discrimination and retaliation;
(3)      Damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses.
(4)      Compensatory damages;
(5)      Punitive damages;
(6)      Liquidated damages;
(7)      Promised benefits and related relief;
(8)      Prejudgment interest; and
(9)      Reasonable attorneys' fees, costs and disbursements incurred in connection with this lawsuit with interest thereon

Accenture denies that Plaintiff is entitled to any relief whatsoever.

## II. Pending Motions and Case Plan

A.      Identify all pending motions.

Accenture filed a Partial Motion to Dismiss, seeking to dismiss Count IV of the Complaint, which relates to the Americans with Disabilities Act. This motion was fully briefed as of September 9, 2021.

B.      Submit a proposal for a discovery plan:

    i.      The general type of discovery needed. The parties will need written discovery and oral discovery of approximately 5 witnesses.
    ii.      A date for Rule 26(a)(1) disclosures. The parties will exchange Rule 26(a)(1) disclosures by November 8, 2021.
    iii.      A date to issue written discovery. The parties will issue initial written discovery by November 29, 2021.
    iv.      A fact discovery completion date. All fact discovery will close on February 11, 2022.
    v.      If there will be expert discovery, an expert discovery completion date including dates for the delivery of expert reports. The parties do not currently anticipate needing expert discovery. If expert discovery is needed, Plaintiff's expert disclosure will be due on December 17, 2021, and Defendant's expert disclosure due on January 14, 2022, with each party

        having the option to file a reply expert report within 14 days. All expert discovery is to be completed by February 11, 2022.

  C.    With respect to trial, indicate whether a jury trial is requested and the probable length of trial.

        Plaintiff has requested a jury trial and the probable length of trial is 4-5 days.

### III. Consent to Proceed Before a Magistrate Judge

  A.    Indicate whether the parties consent unanimously to proceed before a Magistrate Judge. The parties do consent to proceed before a Magistrate Judge.

### IV. Status of Settlement Discussions

  A.    Indicate whether any settlement discussions have occurred.

        Plaintiff communicated a settlement demand on October 7, 2021.

  B.    Describe the status of any settlement discussions.

        Counsel for Defendant has conveyed Plaintiff's demand, but as of the time of filing has not been authorized to communicate a response.

  C.    Whether the parties request a settlement conference.

        Plaintiff requests a settlement conference. Counsel for Defendant has conveyed Plaintiff's request for a settlement conference, but as of the time of filing has not been authorized to communicate a response.

| | |
|---|---|
| /s/ Jeremy Greenberg | /s/ Thomas M. Buchanan |
| Jeremy Greenberg (86165) | _____ |
| Clark Law Group, PLLC | One of the Attorneys for Defendant |
| 1100 Connecticut Ave., N.W. | |
| Suite 920 | Thomas M. Buchanan (21530) |
| Washington, D.C. 20036 | Winston & Strawn LLP |
| (202) 293-0015 | 1700 K Street NW |
| jgreenberg@benefitcounsel.com | Washington, DC 20006 |
| *Counsel for Plaintiff* | |
| | Michael P. Roche (admitted *pro hac vice*) |
| | Tiana Evans Pequette (admitted *pro hac vice*) |
| | Winston & Strawn LLP |
| | 35 W. Wacker Drive |
| | Chicago, IL 60601 |