IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IMAN ZABETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-716 (RDA/IDD) |
| ) | |
| ACCENTURE LLP, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Accenture LLP's Partial Motion to Dismiss. Dkt. 7. Considering the Motion together with Defendant's Memorandum in Support (Dkt. 8), Plaintiff Iman Zabett's Opposition (Dkt. 14), and Defendant's Reply (Dkt. 15), it is hereby ORDERED that the Motion is GRANTED for the reasons that follow.

I. BACKGROUND

Plaintiff Iman Zabett alleges in Count IV of his Complaint that Defendant Accenture LLP discriminated against him in violation of the Americans With Disabilities Act of 1990 ("ADA") during his employment as a Senior Research Analyst at Accenture LLP. Dkt. 1, ¶ 16. This Court accepts all facts alleged within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

During Plaintiff's employment he requested leave from Defendant for a hand fracture that he describes as "transitory and minor." Dkt. 1, ¶ 33; Dkt. 14, ¶ 44. Plaintiff informed Defendant about his hand fracture, and Defendant asked Plaintiff to obtain a doctor's note showing that he

was medically cleared to work.[1]  Dkt. 14, ¶ 14.  Defendant denied Plaintiff's request for leave, (Dkt. 1, ¶ 33), and eventually terminated his employment.  *Id.* ¶ 50.

On June 15, 2021, Plaintiff filed suit in this Court.[2]  Dkt. 1.  He brings two claims under Title VII of the Civil Rights Act of 1964, one claim under the Family and Medical Leave Act, and one claim of ADA discrimination.  *Id*.  Defendant then moved to dismiss Count IV of the Complaint.  Dkt. 7.  Plaintiff opposed that motion (Dkt. 14), and Defendant submitted a reply in support of its motion to dismiss.  Dkt. 15.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of a complaint.  *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011).  "[T]he reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level[,]'" and dismissal is appropriate only if the well-pleaded facts in the complaint "state a claim that is plausible on its face.'"  *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

---

[1] Although is not entirely clear whether Plaintiff supplied this doctor's note as requested, the Court understands Plaintiff to allege that Defendant "required him to send a doctor's note showing that he was medically cleared to work" and that Defendant or his supervisors "should have asked whether [he] would require an accommodation for any disability he might have."  Dkt. 14, ¶¶ 14-15.

[2] Plaintiff initially filed his Complaint, and responded to Defendant's Motion, as a *pro se* litigant, but he is now represented by counsel.  Dkt. 20.

Still, "[c]onclusory allegations regarding the legal effect of the facts alleged" need not be accepted. *Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995); *see also E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) ("[W]hile we must take the facts in the light most favorable to the plaintiff, we need not accept the legal conclusions drawn from the facts . . . Similarly, we need not accept as true unwarranted inferences, unreasonable conclusions, or arguments."). And "[g]enerally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion." *Linlor v. Polson*, 263 F. Supp. 3d 613, 618 (E.D. Va. 2017) (citing *Goldfarb*, 791 F.3d at 508)). Mindful that Plaintiff was proceeding *pro se* when he filed his Complaint and opposed Defendant's motion to dismiss, this Court liberally construes his filings. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014).

### III. ANALYSIS

#### A. Establishing A *Prima Facie* Case Under The ADA

The ADA defines a disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). An ADA plaintiff may assert that he is qualified under one, two, or all three of these statutory bases. Here, Plaintiff does not allege that he is a qualified individual under subsection (A) or (B) of 42 U.S.C. § 12102(1). Instead, he states that he is proceeding only the third component, the "regarded as" prong of the ADA. Dkt. 14, ¶ 7 (citing 42 U.S.C. § 12102(3)(A)).

The ADA Amendments Act of 2008 does not require employers to make reasonable accommodations for an employee whose sole basis for asserting he is a qualified individual under the ADA is that he is "regarded as" disabled. The plain text of the statute imposes this limitation: "A covered entity under subchapter I. . . . need not provide a reasonable accommodation or a

reasonable modification to policies, practices, or procedures to an individual who meets the definition of disability in section 12102(1) solely under subparagraph (C) of such section [the "regarded as" prong Defendant is proceeding under]." 42 U.S.C. § 12201(h).

As a threshold matter, Plaintiff fails to allege facts which support the conclusion that he has a disability as defined by the ADA. *Flynn v. Mid-Atl. Mari-Time Acad.*, 2:18-cv-502, 2019 WL 7859409, at *8 (E.D. Va. July 30, 2019) ("[A]s a threshold matter, to plead a claim under the ADA, Plaintiff must establish that [he] had a disability as defined by the ADA."); *see also Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) ("[A]s an evidentiary matter, in [a] complaint a plaintiff is required to allege facts that support a claim for relief."). As a result, Plaintiff has not alleged that he is a qualified individual under the ADA and therefore fails to state a claim upon which relief may be granted. This pleading deficiency is fatal to Plaintiff's claim.

### B. "Transitory and Minor" Injury

Even if Plaintiff adequately alleged that Defendant regarded him as having such an impairment, his injury is still not covered by the ADA. 42 U.S.C. § 12102(3)(B); *Kruger v. Hamilton Manor Nursing Home*, 10 F. Supp. 3d 385, 390 (W.D.N.Y. 2014) ("[T]he 'being regarded as having such an impairment' category 'shall not apply to impairments that are transitory and minor.'"). Plaintiff concedes that his arm fracture is "transitory and minor." Dkt. 14, ¶ 44. As Plaintiff rightly notes, conceding that his injury is "transitory and minor" in itself is not sufficient to dismiss Count IV at this stage. Dkt. 14, ¶ 24; *Miller v. Maryland Dep't of Nat. Res.*, 813 F. App'x 869, 876 (4th Cir. 2020) (stating that a defendant may raise the "transitory and minor" rule at the summary judgment and trial stages of a case).

However, because Plaintiff proceeds only under the "regarded as" section of the ADA, and because he concedes his hand fracture is "transitory and minor," he is not entitled to bring a failure-

4

to-accommodate claim under the ADA and therefore is not entitled to a remedy under that statute. *See Kruger*, 10 F. Supp. 3d at 389 ("Plaintiff's broken arm is not an injury considered a 'disability' under the ADA, and Plaintiff has failed to allege that her injury was more than temporary."); *Clark v. Boyd Tunica, Inc.*, No. 16-60167, 2016 WL 853529, at *5 (N.D. Miss. Mar. 1, 2016) (observing that a broken foot is not a disability under the ADA); *Zick v. Waterfront Comm'n of N.Y. Harbor*, No. 11 Civ. 5093(CM), 2012 WL 4785703, at *5 (S.D.N.Y. Oct. 4, 2012) ("Plaintiff's broken leg is simply not an injury considered a 'disability' under the ADA."); *George v. TJX Cos., Inc.*, No. 08-CV-275(ARR)(LB), 2009 WL 4718840, at *8 (E.D.N.Y. Dec. 9, 2009) (determining that a fractured arm is not a disability under the ADA).

Based on the text of the statute and the relevant case law, the Court concludes that the facts Plaintiff alleges do not support a plausible claim for relief under the ADA.

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant's Partial Motion to Dismiss (Dkt. 7) is GRANTED. Count IV of Plaintiff's Complaint is therefore DISMISSED WITHOUT PREJUDICE.

It is SO ORDERED.

Alexandria, Virginia
November 30, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge

5